UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

FILED
2004 JUN 24 A 9: 04
U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____ DEP. CLERK

DARIN RANKIN and
CARL BREWER

    Plaintiff,

v.

COUNTY OF GRUNDY,
ROBERT MEEKS, individually and in
his official capacity as Sheriff,
SCOTT DIXON, individually and in
his official capacity, DENNIS WOMACK,
individually and in his official capacity

    Defendants.

No. 4:03-CV-96

## ANSWER

Defendants, Grundy County and Robert Meeks, individually and his official capacity as Sheriff for answer to the Complaint filed against them in this cause say as follows:

### FIRST DEFENSE

Plaintiffs failed to state a claim upon which relief may be granted against these Defendants under either Title 42 U.S.C. Section 1983 or Article 1, Section 7 of the Tennessee Constitution.

### SECOND DEFENSE

These Defendants allege and contend that one or more of the Defendants may be entitled to protection of both sovreign immunity and/or qualified immunity.

## THIRD DEFENSE

Responding to the specific allegations in Plaintiffs' Complaint, as amended, these Defendants respond as follows:

## JURISDICTION

These Defendants admit this Court has jurisdiction over the claim stated but deny that Plaintiffs have stated a cause of action which would give rise to liability by these Defendants.

## PARTIES

1. Admitted.

2. Admitted.

3. On information and belief Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint, as amended, is admitted.

5. Responding to Paragraph 5 of the Complaint, as amended, these Defendants are unable to admit or deny the allegations of Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint is directed at another defendant and no response is required by these Defendants.

7. Responding to Paragraph 7 of the Complaint, these Defendants deny there were any violations of the Plaintiffs' constitutional rights and further deny the allegations of Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Paragraph 8 of the Complaint is admitted.

9. These Defendants are unable to admit or deny the allegations of Paragraph 9 of the Complaint, being without sufficient information to do so at this time.

10. Responding to Paragraph 10 of the Complaint, these Defendants admit that certain stolen items were seized from the premises but deny that they seized or directed the seizure of the property and can neither admit nor deny the specific items of property which were confiscated. Any other allegations in Paragraph 10 of the Complaint are neither admitted nor denied, Defendants being without sufficient information to do so.

11. Responding to Paragraph 11 of the Complaint, Defendants admit they took possession of other items of personal property were legally seized. The remaining allegations of Paragraph 11 of the Complaint not specifically addressed are neither admitted nor denied, Defendants being without sufficient information to do so.

11a. In response to the second paragraph designated as number 11 in the Complaint, these Defendants admit they arrested the Plaintiffs but deny the remaining allegations of the paragraph.

12. Paragraph 12 of the Complaint is denied.

13. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint as the seizure of the property was directed by the criminal investigation division of the Tennessee Department of Safety and any seizure notices would have been given by the Tennessee Department of Safety.

14. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint is denied.

9. These Defendants are unable to admit or deny the allegations of Paragraph 9 of the Complaint, being without sufficient information to do so at this time.

10. Responding to Paragraph 10 of the Complaint, these Defendants admit that certain stolen items were seized from the premises but deny that they seized or directed the seizure of the property and can neither admit nor deny the specific items of property which were confiscated. Any other allegations in Paragraph 10 of the Complaint are neither admitted nor denied, Defendants being without sufficient information to do so.

11. Responding to Paragraph 11 of the Complaint, Defendants admit they took possession of other items of personal property were legally seized. The remaining allegations of Paragraph 11 of the Complaint not specifically addressed are neither admitted nor denied, Defendants being without sufficient information to do so.

11a. In response to the second paragraph designated as number 11 in the Complaint, these Defendants admit they arrested the Plaintiffs but deny the remaining allegations of the paragraph.

12. Paragraph 12 of the Complaint is denied.

13. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint as the seizure of the property was directed by the criminal investigation division of the Tennessee Department of Safety and any seizure notices would have been given by the Tennessee Department of Safety.

14. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint, as amended, is directed to Defendant Dixon and the Tennessee Department of Safety, and no response is required from these Defendants.

17. Paragraph 17 of the Complaint, as amended, is directed to Defendant Dixon and the Tennessee Department of Safety, and no response is required from these Defendants.

18. Responding to Paragraph 18 of the Complaint, these Defendants deny there existed any illegal propensities of the officers of Grundy County and the allegations of Paragraph 18 of the Complaint are denied.

19. Responding to Paragraph 19 of the Complaint, these Defendants deny there was any abuse of constitutional rights and deny the allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint is denied.

### CAUSES OF ACTION

21. Paragraph 21 of the Complaint is denied.

WHEREFORE, having fully answered, these Defendants pray that the Complaint against them be dismissed.

Respectfully submitted,

SPICER, FLYNN & RUDSTROM, PLLC

By: *Thomas E. LeQuire*
Thomas E. LeQuire, BPR #6875
735 Broad St., Suite 407
Chattanooga, TN 37402
(423)756-0262

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing pleading was mailed to:

Michelle Benjamin, Esq.
P.O. Box 177
Winchester, TN 37398

by placing it in the United States Mail with sufficient postage thereto to carry it to its destination.

This 22⁰ day of June, 2004.

SPICER, FLYNN & RUDSTROM, PLLC

BY: *Thomas E. LeQuire*
Thomas E. LeQuire

N:\PC1\Docs\93587\answer.wpd

5