UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| DARIN RANKIN and ) | |
| CARL BREWER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 4:03-CV-96 |
| v. ) | |
| ) | |
| COUNTY OF GRUNDY, ) | |
| ROBERT MEEKS, individually and in his ) | |
| official capacity as Sheriff, ) | |
| SCOTT DIXON, individually and in his ) | |
| official capacity, ) | |
| DENNIS WOMACK, individually and in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

_____

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT DICKSON'S
MOTION TO DISMISS**
_____

**I. PRELIMINARY STATEMENT**

This action is a claim for money damages, brought pursuant to 42 U.S.C. §1983 and Article 1, § 7 of the Tennessee Constitution. (Second Amended Complaint). The claim arises out of actions which occurred on November 14, 2002 while the Defendant Scott Dickson (misspelled as "Dixon" above), an employee of the Department of Safety for the State of Tennessee, was on the Plaintiff Darin Rankin's property performing a consent-search for stolen property. Defendant Scott Dickson's actions were within the scope of his employment as an employee of the State of Tennessee. (Second Amended Complaint, ¶¶ 3, 6, 8). The Plaintiffs

119125

have sued Defendant Dickson in both his individual and official capacities. (Second Amended Complaint, ¶ 3).

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Dickson moves this Court to dismiss the federal claim asserted against him to the extent those claims are asserted against him in his official capacity. The Eleventh Amendment of the United States Constitution bars suits against state employees in their official capacities and he is not a "person" subject to suit under § 1983. Defendant Dickson also moves to dismiss the state claims asserted against him in both his individual and official capacities on the grounds of state employee immunity, there is no private cause of action for violations of the State Constitution, and the doctrine of sovereign immunity.

## II. ARGUMENT

**A.     The Eleventh Amendment bars the § 1983 claim against Defendant Dickson in his official capacity.**

A suit against a state official, in his official capacity, or a state agency is considered to be a suit against the state. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The Eleventh Amendment of the United States Constitution bars actions for money damages against a state or one of its agencies. *Id.* 491 U.S. at 65, 109 S.Ct. at 2309.

There are two exceptions to Eleventh Amendment immunity from suits for monetary damages against states and their agencies: (1) where Congress expressly abrogates the Eleventh Amendment in legislation *(Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 100, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989)), and (2) where a state expressly waives immunity from suit for money damages in federal court. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

With respect to claims arising under 42 U.S.C. §1983, the Supreme Court has held that this statute does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelmen v. Jordan*, 415 U.S. 651, 674, 94 S.Ct. 1347, 1361, 39 L.Ed. 2d 662 (1974). Moreover, federal courts in Tennessee have held that Tennessee has not waived its immunity under the Eleventh Amendment with respect to suits for relief under 42 U.S.C. §1983. *American Civil Liberties Union of Tennessee v. Tennessee,* 496 F.Supp. 218, 220 (M.D. Tenn. 1980).

Because the § 1983 claim against Defendant Dickson in his official capacity is considered a suit against the State of Tennessee, it is barred by the 11th Amendment.

**B.** **Defendant Dickson, in his official capacity, is not a "person" subject to sit under 42 U.S.C. § 1983.**

In order to state a claim under 42 U.S.C. § 1983, Plaintiffs must allege they were deprived of a right, privilege, or immunity secured by the Constitution or law of the United States *by a person* acting under color of law, without due process of law. (Emphasis added). The State is not a "person" and thus cannot be sued under § 1983. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed. 2d 45 (1989); *Bowden Building Corporation v. Tennessee Real Estate Commission*, 15 S.W. 3d 434, 438 (Tenn. App. 2000). A state official acting in his official capacity is not a "person" under § 1983. *Will v. Michigan Department of State Police, supra,* 491 U.S. at 71, 109 S.Ct. 2304 at 2312. Defendant Dickson acted as a state employee of the Tennessee Department of Safety at all times relevant to this suit. (Second Amended Complaint, ¶ 6). Accordingly, Plaintiffs are also barred from filing this suit for money damages against Defendant Dickson in his official capacity, because he is not a "person" subject to suit.

### C. Any state law claim against Defendant Dickson in his official capacity is barred by sovereign immunity.

Article I, § 17 of the Tennessee Constitution provides that suits may be brought against the State in such manner and in such courts as the Legislature may by law direct. The Tennessee Legislature has provided that no court in the State shall have any power, jurisdiction, or authority to entertain any suit against the State. T.C.A. § 20-13-102(a) provides in relevant part:

> No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

Article I, § 17 has been interpreted as a grant of sovereign immunity to the State, and accordingly, no suit against the state may be sustained absent expressed authorization from the legislature. *Coffman v. City of Pulaski*, 220 Tenn. 642, 42 S.W.2d 429 (1967), *rehearing denied* (1968). These constitutional and statutory provisions state the principle that a state cannot be sued in its own courts without its consent. This is a privilege of sovereignty. *Memphis and CRR v. State, ex. rel. Watson*, 101 U.S. 337, 25 L.Ed. 960 (1880). The rule of sovereign immunity in Tennessee is both constitutional and statutory. Therefore, it is not within the power of the courts to amend it. *Jones v. L & N Railroad Co.,* 617 S.W.2d 164 (Tenn. Ct. App. 1981).

The Legislature of the State of Tennessee has authorized the bringing of certain actions against the State in the Tennessee Claims Commission. T.C.A. §§ 9-8-307 *et. seq.* The jurisdiction of the Claims Commission is exclusive. *Id.* The relevant portion of the statute reads

as follows:

> The Commission or each Commissioner sitting individually has *exclusive* jurisdiction to determine all monetary claims against the state . . . (emphasis added).

Where the State has granted authorization through the Legislature to bring suit against the State, such suits may only be brought in those Courts and under those conditions specified by the Legislature. *Crow v. John W. Harton Memorial Hospital,* 579 S.W.2d 888 (Tenn. Ct. App. 1979).

Defendant Dickson is a state employee sued in his official capacity. (Amended Complaint, ¶ 3). As such, it is no different from a suit against the State of Tennessee itself. *Cox v. State,* 399 S.W.2d 776, 778 (Tenn. 1965). Thus, any state law claim against Dickson in his official capacity is barred by the doctrine of sovereign immunity.

### D. There is no private cause of action for an alleged violation of Plaintiffs' due process rights under the Tennessee Constitution.

There is no automatic right to a private cause of action for damages for alleged violation of the Tennessee Constitution. *Lee v. Ladd,* 834 S.W. 2d 323, 324 (Tenn. App. 1992) (no implied cause of action for violation of Tennessee Constitution); *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir. 1996) (same). Plaintiffs have sued Defendant Dickson in his official and individual capacities for violation of Article 1, § 7 of the Tennessee Constitution. There are no statutes which provide for a private right of action for such a violation.

Accordingly, Plaintiffs' claims for violation of their state due process rights must be dismissed.

### E. Defendant Dickson, as a state employee, is immune from state law claims pursuant to T.C.A. § 9-8-307(h).

A State employee acting within the scope of his employment is immune from state law claims except those based on willful, criminal or malicious actions. T.C.A. § 9-8-307(h). *Shelburne v. Frontier Health*, 126 S.W.3d 838 (Tenn. 2003). Defendant Dickson acted within the scope of his employment. (Second Amended Complaint, ¶ 6). There is no allegation in the complaint that the actions were willful, malicious or criminal. Thus, he is immune from the state law claims under T.C.A. § 9-8-307(h).

### III. CONCLUSION

For the reasons stated above, Defendant Scott Dickson requests that Plaintiffs' § 1983 claim against him in his official capacity, as well as the state due process claim against him in his official and individual capacities be dismissed.

Respectfully submitted,

PAUL G. SUMMERS
Attorney General and Reporter

s/Rebecca Lyford
REBECCA LYFORD
Assistant Attorney General
Civil Rights and Claims Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-7226

CERTIFICATE OF SERVICE

    I hereby certify that on November 17, 2005, a true and correct copy of the foregoing was filed electronically and notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including Michelle M. Benjamin, Esq., 201 First Avenue, North, P. O. Box 177, Winchester, TN 37398, and Thomas LeQuire, Suite 407, 735 Broad Street, Chattanooga, TN 37402. Parties may access this filing through the Court's electronic filing system.

              s/ Rebecca Lyford
              Rebecca Lyford
              Assistant Attorney General